**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **Flavio Lima Do Nascimento,** | Case No. 1:26-cv-12271 |
| Petitioner, | **PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| **PATRICIA HYDE, Boston Field Office Director, U.S. Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"); TODD LYONS, Acting Director of U.S. Immigration Customs Enforcement ("ICE"); MARKWAYNE MULLIN, Secretary of the Department of Homeland Security ("DHS"); U.S. DEPARTMENT OF HOMELAND SECURITY; and TODD BLANCHE, Attorney General of the United States** | |
| Respondents. | |

## I.    INTRODUCTION

1. Petitioner, Flavio Lima Do Nascimento, respectfully seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his current immigration detention. Petitioner is a citizen of Brazil who entered the United States without inspection on or about August 18, 2021. He was apprehended at entry, was served a Notice to Appear (Form I-862), and ultimately released.

2. On or about May 13, 2026, Immigration and Customs Enforcement ("ICE") arrested the Petitioner in Massachusetts and placed him into custody.

3. ICE now asserts authority to detain Petitioner under 8 U.S.C. § 1225(b), on the theory that he remains an "applicant for admission" subject to mandatory detention. That interpretation fails for a basic reason: DHS already exercised its discretion to process him under 8 U.S.C. § 1226(a), not § 1225(b), when it served him with a Notice to Appear and

ultimately released him. By doing so, DHS treated Petitioner as a respondent in removal proceedings entitled to the custody framework of § 236(a).

4. Having chosen said course, DHS cannot now reclassify him as a new "arriving alien" to strip away the statutory and constitutional protections Congress afforded under § 236(a). Section 1225(b)'s expedited-removal framework does not authorize such retroactive relabeling, particularly where DHS has already initiated § 240 proceedings and exercised its custody authority under § 236(a).

5. Petitioner's present detention under § 1225(b) is therefore unauthorized by statute and violates the Fifth Amendment's guarantee of due process. He respectfully seeks immediate release, or, at minimum, an order directing Respondents to provide him with a prompt individualized custody hearing before a neutral decisionmaker under § 1226(a), consistent with this Court's habeas jurisdiction, 28 U.S.C. § 2241.

## II.    <u>JURISDICTION AND VENUE</u>

6. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

7. Venue is proper in this district because Petitioner resides in Massachusetts, was taken into custody in Massachusetts, and on information and belief is in the custody of Respondents in this Massachusetts.

## III.    <u>PARTIES</u>

8. Petitioner is a citizen of Brazil and, on information and belief, is in the custody and under the direct control of the Respondents and their agents in Massachusetts.

9. Respondent Patricia Hyde is the Boston Field Office Director for U.S. Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"). The Boston Field Office is responsible for custody determinations and enforcement actions in Massachusetts,

including the detention of Petitioner. Respondent Hyde is the immediate custodian of Petitioner.

10. Respondent Todd Lyons is the Acting Director of the U.S. Immigration and Customs Enforcement. He exercises authority over the operations of ICE nationwide, including the actions of ICE/ERO's Boston Field Office. Respondent Lyons is a legal custodian of Petitioner.

11. Respondent Markwayne Mullin is the Secretary of the Department of Homeland Security ("DHS"), the federal agency charged with enforcing the immigration laws of the United States. DHS oversees ICE and is ultimately responsible for the detention of Petitioner. Respondent Mullin is a legal custodian of Petitioner.

12. Respondent U.S. Department of Homeland Security is the federal agency responsible for implementing and enforcing the immigration laws of the United States, including the detention and removal of noncitizens.

13. Respondent Todd Blanche is the Attorney General of the United States and the head of the U.S. Department of Justice. The Attorney General has ultimate supervisory authority over the immigration courts and the Board of Immigration Appeals and is charged with ensuring compliance with federal law in immigration detention and removal matters.

## IV.    STATEMENT OF FACTS

14. Petitioner, Flavio Lima Do Nascimento, is a citizen of Brazil who entered the United States  without inspection on or about August 18, 2021.

15. On or about April 19, 2021, the Petitioner was apprehended and served a Notice to Appear, ultimately being released. *See Exhibit A*.

16. Since his entry in 2021, the Petitioner has continuously resided in the United States.

17. On or about December 10, 2021, the Petitioner's Notice to Appear was docketed at the Immigration Court.

18. Petitioner currently has no future hearings scheduled before the Immigration Court. *See Exhibit B.*

19. On or about May 13, 2026, ICE detained the Petitioner.

20. Petitioner maintains that, in light of his longstanding residence and the absence of any contemporaneous inspection or expedite-removal process, his custody is properly governed by 8 U.S.C. § 1226(a), which authorizes release on bond or other conditions pending removal proceedings.

21. Petitioner however has been treated as an "arriving alien" subject to the detention provisions of 8 U.S.C. § 1225(b). That statute governs the inspection and detention of certain noncitizens encountered at the border or ports of entry. The Board of Immigration Appeals, in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), has discussed the circumstances under which § 1225(b) may be applied to persons who entered without inspection but were not apprehended until many years later.

22. Respondents reliance on 8 U.S.C. § 1225(b) is misplaced, and its refusal to provide a custody hearing under 8 U.S.C. § 1226(a) leaves Petitioner detained without statutory authority and without due process of law.

### V.     REQUIREMENTS OF 28 U.S.C. § 2243

23. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

24. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the

most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963).

25. Petitioner is "in custody" for purposes of § 2241 because Petitioner is arrested and detained by Respondents.

## VI.    CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process (Procedural Due Process)

26. Petitioner repeats and realleges all prior paragraphs as if fully set forth herein.

27. Respondents' detention of Petitioner without an individualized custody determination violates the Due Process Clause of the Fifth Amendment. The Supreme Court has long made clear that the protections of the Due Process Clause extend to all persons within the United States, including noncitizens present without lawful status. Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

28. Petitioner was arrested in the interior of the United States on or about May 13, 2026. Respondents now purport to treat him as an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b), even though he has resided in the United States since 2021 and has been in ongoing removal proceedings under INA § 240.

29. By effectively reclassifying Petitioner as an "applicant for admission" under § 1225(b), Respondents have denied him the statutory protections that attach once custody is governed by 8 U.S.C. § 1226(a), including the right to an individualized custody hearing. This treatment unlawfully eliminates access to the procedural safeguards Congress provided for persons facing removal, such as the opportunity for a bond determination, the right to counsel, and the right to administrative and judicial review.

30. The First Circuit has held that due process requires an individualized custody determination for noncitizens detained under § 1226(a). Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021); Brito v. Garland, 22 F.4th 240, 256–57 (1st Cir. 2021). Respondents' reliance on § 1225(b) to deny Petitioner such a hearing is contrary to the statute, the Constitution, and controlling precedent.

31. Accordingly, Petitioner's detention violates his right to due process under the Fifth Amendment, and he is entitled to immediate release or, at minimum, an individualized custody hearing.

## COUNT TWO
### Detention Not Authorized by Statute (INA §§ 235(b))

32.  Petitioner repeats and realleges all prior paragraphs as if fully set forth herein.

33. Respondents' asserted authority to detain Petitioner under 8 U.S.C. § 1225(b) is contrary to law. That provision governs individuals who are "applicants for admission," including those encountered at or near the border and, in limited circumstances, those placed into expedited-removal proceedings within the two-year period Congress expressly authorized. Petitioner does not fall into that category. DHS did not initiate expedited removal. Instead, DHS served him with a Notice to Appear (Form I-862) and ultimately released him from custody, thereby exercising its authority under 8 U.S.C. § 1226(a).

34. Having invoked § 236(a) at that time, DHS cannot now retroactively reclassify Petitioner as a new "arriving alien" for purposes of § 1225(b) in order to impose mandatory detention and deny him a custody hearing. Section 1225(b) contains no authorization for such relabeling once a noncitizen has been placed into § 240 proceedings and subjected to the custody framework of § 236(a).

35. Respondents may point to Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), which broadly declared that all individuals who entered without inspection are "applicants for admission" subject to mandatory detention under § 1225(b)(2)(A). But Hurtado does not control here. Petitioner was not apprehended at or near the border, has not been placed in expedited-removal or inspection proceedings, and—most importantly—was already processed under § 236(a). Reclassifying him now as an "arriving alien" would unlawfully expand § 1225(b) detention authority beyond what Congress provided.

36. If Respondents possess custody authority at all, such authority lies under 8 U.S.C. § 1226(a), which requires an individualized custody determination before a neutral decisionmaker. Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021); Brito v. Garland, 22 F.4th 240, 256–57 (1st Cir. 2021).

37. Respondents' reliance on § 1225(b) to deny Petitioner an individualized custody determination is therefore unlawful.

38. Accordingly, Petitioner's detention is not authorized by statute, and he is entitled to immediate release or, at minimum, a prompt custody hearing consistent with § 1226(a).

## II.    <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, the Petitioner respectfully and humbly requests that this Honorable Court grant the following:

**(1)** Assume jurisdiction over this matter;

**(2)** Order that the Petitioner shall not be transferred outside of the District of Massachusetts;

**(3)** Issue an Order to Show Cause ordering the Respondents to show cause as to why this Petition should not be granted within three days;

**(4)** Declare that the Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

**(5)** Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately;

**(6)** In the alternative, should the Court decline to order immediate release, direct Respondents to provide Petitioner with a prompt, constitutionally adequate bond hearing before a neutral decisionmaker at which the government bears the burden of proof to justify continued detention; and

**(7)** Grant any such further relief as the Court deems just and proper.

Respectfully submitted,                    Dated: May 18, 2026

*//s// Jacinda da Cruz*
Jacinda da Cruz, Esq.
BBO: 716549
Perez Gardini LLC
233 W Central St
Natick, MA 01760
(855) 337-8440
jdacruz@gardinilaw.com
*Counsel for Petitioner*

# Exhibit A

  bklg

🔍 Name or A#                                                                    Search              L

 # LIMA-DO NASCIMENTO, FLAVIO

## 220-236-054

Last Update:  3 seconds ago

📄

**Case Overview**          NTA          Record of Proceedings

---

### Hearing

*Pending as of May 18, 2026*

### EOIR Decision

*No decision entered as of May 18, 2026*

### Appeal Due

*No appeal information as of May 18, 2026*

### Asylum Clock

*No asylum clock info as of May 18, 2026*

### EOIR Contact

PLYMOUTH COUNTY CORRECTIONAL FACILITY (IHP)
150 APOLLO DRIVE, STE 100
CHELMSFORD, MA 01824
978-497-9000

### MTR

*No MTR as of May 18, 2026.*

### Appeal Filed

*No appeal filed as of May 18, 2026*

### Brief Due

*No brief due as of May 18, 2026*

### BIA Decision

*No decision entered as of May 18, 2026*



bklg.org//manager/case/46028

## bklg

L

### NTA

| NTA Date | Docket Date | Charges |
|---|---|---|
| August 19, 2021 | December 10, 2021 | 212a06Ai<br>Alien in U.S. without Admission or Paroled |

### Record of Proceedings

Open All    Close All

**Date of Entry** — August 18, 2021

**Proceeding Opened** — October 19, 2021

**Case Docketed** — December 10, 2021

**Rider Added** — December 10, 2021

**Master Reset** TO ALLOW FOR SCHEDULING OF PRIORITY CASE — July 19, 2022



bklg

**Master Reset**  ALIEN TO SEEK REPRESENTATION                    January 07, 2025

**Rider Added**                                                   January 07, 2025

**EOIR-33 Filed**                                                 January 07, 2025

**Master Reset**                                                  May 12, 2026

# Exhibit B



An official website of the United States government
Here's how you know  ⌄

EOIR | Automated Case Information

---

**Court Closures Today**  May 18, 2026

Please check https://www.justice.gov/eoir-operational-status for up to date closures.

Home  >  **LIMA-DO NASCIMENTO, FLAVIO (220-236-054)**



# Automated Case Information

## Name: LIMA-DO NASCIMENTO, FLAVIO | A-Number: 220-236-054 | Docket Date: 12/10/2021

 **Next Hearing Information**



*There are no future hearings for this case.*

 **Court Decision and Motion Information**



**<u>VERIFICATION PURSUANT TO 28 U.S.C. § 2242</u>**

I represent the Petitioner, Flavio Lima Do Nascimento, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 18th day of May, 2026

<u>*//s// Jacinda da Cruz*</u>
Jacinda da Cruz, Esq.
BBO: 716549
Perez Gardini LLC
233 W Central St
Natick, MA 01760
(855) 337-8440
jdacruz@gardinilaw.com
*Counsel for Petitioner*