**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| |
|---|
| FLAVIO LIMA DO NASCIMENTO, |
| Petitioner, |
| v. |
| PATRICIA HYDE, et al., |
| Respondents. |

Civil Action No. 26-cv-12271-WGY

**RESPONSE TO HABEAS PETITION**

Respondents, by and through their attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submit the following response to the Petition for Writ of Habeas Corpus filed by Flavio Lima Do Nascimento ("Petitioner") in which Petitioner challenges his immigration detention and seeks immediate release or a custody hearing pursuant to 8 U.S.C. § 1226. Doc. No. 1, ¶ 5.

**INTRODUCTION**

This Court cannot extend the writ of habeas corpus unless an individual "is in custody in violation of the Constitution or laws or treaties of the United States". 28 U.S.C. § 2241(c)(3). Respondents submit that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) and must first seek relief before an Immigration Judge ("IJ") through a bond hearing in Immigration Court before seeking relief in this Court. Indeed, a bond hearing pursuant to 8 U.S.C. § 1226(a) is currently scheduled for June 8, 2026. For this reason, Respondents submit that this Petition should be denied.

## BACKGROUND

### A.    Factual Background

Petitioner is a citizen of Brazil who entered the United States without inspection on or about August 18, 2021.  Doc. No. 1, ¶ 14.  On or about April 19, 2021, Petitioner was apprehended, served with a Notice to Appear, and released.  *Id.* ¶ 15.  Since 2021, Petitioner has continuously resided in the United States.  *Id.* ¶ 16.  On or about December 10, 2021, Petitioner's Notice to Appear was docked at the Immigration Court.  *Id.* ¶ 17.

On or about May 13, 2026, Immigration and Customs Enforcement ("ICE") detained Petitioner.[1]  Doc. No. 1, ¶ 18.  Petitioner submits that his detention is governed by 8 U.S.C. § 1226(a).  *Id.* ¶ 20.  Under the circumstances of this case where Petitioner was arrested and detained in Connecticut, Respondents do not dispute that Petitioner's detention is governed by 8 U.S.C. § 1226(a).

### B.    Legal Background

#### 1.    8 U.S.C. § 1226(a).

As explained by the U.S. Court of Appeals for the First Circuit, "[t]he text of the INA confers broad authority upon ICE to conduct civil arrests." *Ryan v. U.S. Immigr. & Customs Enf't,* 974 F.3d 9, 19 (1st Cir. 2020).  Pursuant to 8 U.S.C. § 1226(a), immigration authorities can arrest an alien with an administrative warrant and then either continue detention for removal proceedings or release the alien on "bond … or conditional parole." *Id.* § 1226(a)(1)-(2).  Per 8 U.S.C. § 1357(a)(2), an ICE officer can arrest an alien without an administrative warrant "if he has reason

---

[1] Undersigned counsel has been informed that Petitioner was detained in Connecticut.

to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest …".[2]

Once arrested under Section 1226(a), ICE can continue detention or can release an alien "provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to proper or persons, and that the alien is likely to appear for any future proceeding."  8 C.F.R. § 236.1(c)(8).  Per regulation, ICE should decide within 48 hours, absent extraordinary circumstances, "whether the alien will be continued in custody or released on bond or recognizance and whether a notice of appear and warrant of arrest … will be issued."  8 C.F.R. § 287.3(d).  If the immigration officer opts for continued detention, the alien can seek review of that decision at a bond hearing before an IJ.  8 C.F.R. § 236.1(d)(1).  An IJ's decision to continue detaining an alien may be appealed to the Board of Immigration Appeals ("BIA").  8 C.F.R. § 236.1(d)(3).

ICE initiates removal proceedings with the issuance of a Notice to Appear ("NTA") with the Immigration Court that has jurisdiction over the location of the individual.  *See* 8 U.S.C. § 1229; 8 C.F.R. §§ 239.1, 1003.14.  Once an NTA is filed with the Immigration Court, the IJ "shall conduct proceedings for deciding the inadmissibility or deportability of an alien."  8 U.S.C. § 1229a(a)(1).  Such proceeding "shall be the sole and exclusive procedure for determining whether an alien may be … removed from the United States."  *Id.* § 1229a(a)(3).

---

[2] Pursuant to regulation, if ICE arrests an individual without a warrant, such individual must be "examined" after the arrest to determine if there is prima facie evidence that the individual is present in the United States in violation of immigration laws and ICE must refer the case to an immigration judge for removal proceedings and must provide notice of the reasons for his arrest and the right to be represented in removal proceedings.  *See* 8 C.F.R. § 287.3.

3

An alien can apply for whatever forms of relief from removal he may be eligible. *Id.* § 1229a(c)(4). If the IJ grants relief from removal and the government does not appeal to the BIA or is unsuccessful in such appeal, then the individual obtains lawful status and is not subject to removal from the United States. If, however, the IJ orders an alien removed, such alien can appeal to the BIA and is not subject to removal until the BIA issues a decision on the appeal. *Id.* § 1229a(c)(5); 8 C.F.R. § 1241.1(a). If the BIA affirms the IJ's denial of an application for relief from removal, an alien can file a petition for review ("PFR") with the circuit court and can seek a stay of removal while the PFR is pending. 8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter…).

## ARGUMENT

### A.    Petitioner's Detention Is Lawful

ICE's detention of Petitioner is authorized by statute, regulation, and comports with the Constitution. As such, this Petition must be denied.

### 1.    Petitioner's Detention Is Authorized By Statute

ICE agrees that, under the circumstances of this case, Petitioner is detained pursuant to 8 U.S.C. § 1226(a), which allows for the detention of aliens for the purpose of removal proceedings. This authority provides that ICE may detain an alien "pending a decision on whether [he] is to be removed from the United States." 8 U.S.C. § 1226(a). Here, Petitioner sets forth no statute, regulation, or case law that supports his claim that ICE's detention and arrest of him for purpose of removal proceedings was unlawful. For these reasons, Petitioner's detention is authorized by statute and there is no basis for this Court to order his release.

### 2.    Petitioner's Detention Is Constitutional

Petitioner's claim that his detention is unconstitutional is unsupported and without merit as the Supreme Court has repeatedly "recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore,* 538 U.S. at 523 (2003); *Wong Wing v. U.S.* 163 U.S. 288, 235 (1896) (holding deportation proceedings "would be vain if those accused could not be held in custody pending the inquiry into their true character.").

Here, Petitioner is detained for the limited purpose of removal proceedings and can seek a bond hearing to contest such detention. Indeed, such a hearing is scheduled for June 8, 2026. As such, per Supreme Court precedent, his detention does not violate the Constitution. *See Wong Wing,* 163 U.S. at 235 ("We think it clear that detention, or temporary confinement, as part of the means necessary to give effect to the provisions for the exclusion or expulsion of aliens would be valid").

To ensure an alien's detention under Section 1226(a) comported with the Fifth Amendment's Due Process Clause, the First Circuit in *Hernandez-Lara v. Lyons* held that the government must bear the burden of proof at a bond hearing before an IJ. 10 F.4th 19, 39-41 (1st Cir. 2021). But the First Circuit cast no aspersion as to the constitutionality of detention of aliens under § 1226(a) by ICE generally and instead recognized that the "prompt execution of removal orders is a legitimate governmental interest which detention may facilitate.") (cleaned up).

Here, there is no dispute that Petitioner is detained for the limited purpose of removal proceedings where he can seek a bond hearing and pursue relief from removal. His detention is not indefinite, it will end upon an order of release from an IJ or upon the conclusion of his proceedings. As another session of this Court recently recognized, a brief period of detention for the purpose of removal proceedings or to effectuate removal does not violate the constitution. *See*

*Dambrosio v. McDonald, Jr.*, No. 25-CV-10782-FDS, 2025 WL 1070058, at \*2 (D. Mass. Apr. 9, 2025) (Recognizing that detention "for a period of less than three months' time … does not amount to an unconstitutional duration.").

Petitioner is lawfully detained pursuant to statute, regulation, and the Constitution and this Court therefore lacks authority to order Petitioner's release from custody by extending the requested writ under 28 U.S.C. § 2241(c)(3).

**B.    Petitioner Has Failed To Exhaust His Administrative Remedies.**

While Petitioner asks this Court to order his release despite his eligibility to seek such relief from an IJ in Immigration Court, as the First Circuit has explained, "it is Congress—not the judiciary—that has the responsibility of prescribing a framework for the vindication of those rights." *Aguilar v. U.S. Immigr. & Customs Enf't Div. of Dep't of Homeland Sec.*, 510 F.3d 1, 24 (1st Cir. 2007).  Here, Congress has established a statutory framework in which Petitioner can seek release from detention while pursuing relief from removal.  Explained further by the First Circuit, "[w]hen Congress speaks clearly and formulates a regime that satisfies constitutional imperatives, the courts must follow Congress's lead." *Id.*  This remains the case "whether a court approves or disapproves of an agency's *modus operandi.*" *Id.*

To the extent Petitioner is claiming that his detention is unwarranted because he is not a danger to the community or a flight risk, such claim must be presented to an IJ in a bond hearing, not to the district court via a Habeas Petition.  This failure to exhaust provides a basis for dismissal of this Petition.  As the First Circuit has explained, "[g]enerally speaking, a plaintiff's failure to exhaust "her administrative remedies precludes her from obtaining federal review of claims that would have properly been raised before the agency in the first instance." *Brito v. Garland*, 22 F.4th 240, 255 (1st Cir. 2021).  While there is no statutory mandate to exhaust a claim for release

that could be made to an IJ prior to presenting such claim to the district court, "the court's discretion governs whether a petitioner must exhaust his administrative remedies before applying for relief in federal court." *Gillen*, 588 F. Supp. 2d at 125.

Common-law exhaustion "allows an agency the first opportunity to apply its expertise and obviates the need for judicial review in cases in which the agency provides appropriate redress." *Brito,* 22 F.4th at 256 (cleaned up) (quoting *Anversa v. Partners Healthcare Sys., Inc.*, 835 F.3d 167, 175–76 (1st Cir. 2016)).  Some courts have declined to require a habeas petitioner to seek a bond hearing before an IJ prior to seeking similar relief if the pursuit of a bond hearing would be futile or if the agency has "predetermined the issue before it."  *See Gillen*, 588 F. Supp. 2d at 125 (Declining to require exhaustion when "the BIA issued a precedent decision before Petitioner was denied a hearing holding that individual's in Petitioner's position are subject to mandatory detention.").

Here, exhaustion is not futile because Petitioner will not be raising an issue at the bond hearing that the IJ lacks authority to decide such as whether the alien or the government bears the burden of proof.  *See Figueroa v. McDonald*, 680 F. Supp. 3d 18, 23 (D. Mass. 2018) (Excusing petitioner's failure to appeal bond denial to the BIA because "the agency would not have had jurisdiction to consider his due process arguments even if they had been presented."). Additionally, Petitioner's eligibility for bond is not in dispute and has not been predetermined.  As such, Petitioner can seek release from detention though a bond hearing, and indeed such a hearing is scheduled for June 8, 2026.  He can appeal a bond decision to the BIA if necessary.  Petitioner therefore has access to the relief he requests this Court order and this weighs in favor of requiring exhaustion and denying this Petition on this additional basis.

**CONCLUSION**

For the reasons described above, this Petition should be dismissed. Alternatively, this matter should be held in abeyance pending resolution of the bond hearing scheduled for June 8, 2026.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: May 26, 2026    By:    */s/ Nicole M. O'Connor*
Nicole M. O'Connor
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel. (617) 748-3112
Email: nicole.o'connor@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Nicole M. O'Connor, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: May 26, 2026    By:    */s/ Nicole M. O'Connor*
Nicole M. O'Connor
Assistant United States Attorney